UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| BRUCE A. SUMMERFIELD,<br>on behalf of himself and all others<br>similarly situated, | : | Hon. Joseph H. Rodriguez |
| | : | Civil Action No. 08-1450 |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION<br>& ORDER |
| EQUIFAX INFORMATION SERVICES LLC, | : | |
| Defendant. | : | |


This matter has come before the Court on Defendant's October 15, 2009 motion for reconsideration filed pursuant to Local Civil Rule 7.1(I).  The motion seeks reconsideration of this Court's September 30, 2009 Memorandum Opinion and Order granting Plaintiff's motion for class certification.  The Court heard oral argument on the issue of class certification on September 24, 2009.

Local Civil Rule 7.1(I), entitled "Motions for Reconsideration," provides:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed . . . .

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered.  <u>Anders v. FPA Corp.</u>, 164 F.R.D. 383, 387 (D.N.J. 1995).  Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the Court, but not considered.  <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 215 F. Supp. 2d 482, 507 (D.N.J. 2002); <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration.  <u>Carteret Sav. Bank, F.A. v. Shushan</u>, 721 F. Supp. 705, 706 (D.N.J. 1989), <u>modified</u>, 919 F.2d 225 (3d Cir. 1990); <u>S.C. v. Deptford Twp. Bd. of Educ.</u>, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached.  <u>NL Indus. Inc.</u>, 935 F. Supp. at 516.  Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision."  <u>Khair v. Campbell Soup Co.</u>, 893 F. Supp. 316, 337 (D.N.J. 1995) (citing <u>Harsco Corp.</u>, 779 F.2d at 909).  The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.  <u>United States v. DeLaurentis</u>, 83 F. Supp. 2d 455, 474 n.2. (D.N.J. 2000).

Here, Defendant has argued that "the Court materially altered the class proposed by Plaintiff by adding certain language to the class definition."  Specifically, the Court defined the class as:

2

> All consumers in the State of New Jersey to whom, beginning two years prior to the filing of this Complaint and continuing through resolution of this action, in response to a dispute about the accuracy of a public record that Defendant reported (including, but not limited to bankruptcies, liens, or judgments), Defendant sent a letter substantially similar to the Letter attached to the Complaint as Exhibit A.

The only change made from the definition Plaintiff proposed was the addition of the explanatory modifier "that Defendant reported." If Defendant had not reported an allegedly inaccurate record, there would be nothing for a putative class member to dispute. The plain language used here does not indicate that an official credit report must have been issued to a third party.

In addition, Defendant has reasserted its argument based upon the discussion of claim-splitting by the Third Circuit in Nafar v. Hollywood Tanning Systems, Inc., No. 08-3994, 2009 WL 2386666, *7 (3d Cir. Aug. 5, 2009). The Nafar case was discussed at oral argument, considered by this Court, and deemed inapposite. Indeed, the Court cited to Nafar and distinguished it from the instant case in the September 30, 2009 memorandum opinion. Therefore, the Court finds Defendant has restated assertions previously made without pointing to dispositive factual matters or controlling decisions of law that this Court overlooked. Thus, the Court finds no basis to reconsider its decision and the motion for reconsideration is denied.

Accordingly,

IT IS ORDERED on this 4th day of January, 2010 that the Defendant's motion for reconsideration of this Court's grant of class certification [53] is hereby DENIED.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.